**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ERIC WATKINS,
   Appellant,

  v.

TENNESSEE VALLEY AUTHORITY,
   Agency.

DOCKET NUMBER
AT-0752-18-0398-X-1

DATE: April 26, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Eric Watkins</u>, Sequatchie, Tennessee, pro se.

<u>John E. Slater</u>, Knoxville, Tennessee, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1  In a February 7, 2019 compliance initial decision, the administrative judge found the agency in noncompliance with the Board's final decision in the underlying adverse action appeal and granted the appellant's petition for enforcement. *Watkins v. Tennessee Valley Authority*, MSPB Docket No. AT-

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

0752-18-0398-C-1, Compliance File (CF), Tab 4, Compliance Initial Decision (CID); *Watkins v. Tennessee Valley Authority*, MSPB Docket No. AT-0752-18-0398-I-1, Initial Appeal File, Tab 29, Initial Decision (ID).[2] For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2 In the February 7, 2019 compliance initial decision, the administrative judge found that the agency failed to establish that it had complied with the Board's decision in the underlying appeal, which reversed the appellant's constructive removal and ordered him reinstated with back pay and benefits. CID at 3. Accordingly, the administrative judge granted the appellant's petition for enforcement and ordered the agency to: (1) determine the position to which the appellant was entitled to be reassigned in accordance with the instructions contained in the Board's final decision in the underlying appeal and reassign him to that position, retroactive to April 12, 2018; and (2) calculate and pay the appellant the appropriate amount of back pay with interest. CID at 4.

¶3 On February 14, 2019, the agency submitted to the Board a statement and evidence of compliance pursuant to 5 C.F.R. § 1201.183(a)(6)(i). *Watkins v. Tennessee Valley Authority*, MSPB Docket No. AT-0752-18-0398-X-1, Compliance Referral File (CRF), Tab 1. Therein, the agency stated that it would reinstate the appellant, retroactively to April 12, 2018, to a Systems Operations Initial Training Program Specialist (Dispatcher) position within the next 10 days. CRF, Tab 2 at 5. The agency explained that "Appellant will be placed in a non-work, pay status—with full pay and benefits—until the start of the training class, at which time he would be in a work status, with pay and benefits." *Id.*

---

[2] The September 6, 2018 initial decision became the final decision of the Board in the underlying appeal on October 11, 2018, after neither party filed an administrative petition for review. ID at 16.

The agency also stated that it would pay the appellant back pay for the period from April 12, 2018, through January 6, 2019, and attached a spreadsheet reflecting its calculations that he would be entitled to $63,825 in back pay and 152 hours of restored annual leave for the period from April 16, 2018, through January 6, 2019. *Id.* at 5, 8. However, the agency stated, the appellant had to submit an affidavit or declaration regarding any earnings and disability retirement payments he received during the back pay period before it could finalize its back pay calculations and pay him. *Id.* at 5. The agency stated that it would process payment of the back pay award within 10 business days of receiving the requested information. *Id.* at 6.

¶4      On February 15, 2019, the Board issued an acknowledgement order informing the appellant that he had the opportunity to respond to any submission filed by the agency and that, if he did not respond to the agency's evidence of compliance, the Board might assume he was satisfied and dismiss his petition for enforcement. CRF, Tab 2.

¶5      On March 8, 2019, the appellant notified the Board that he had not been placed in pay status and had not received any back pay. CRF, Tab 3 at 1.

¶6      On April 29, 2019, the Board issued an order directing the agency to submit a narrative statement and evidence showing that it had fully complied with the Board's final decision by retroactively reinstating the appellant and paying him back pay with interest. CRF, Tab 4 at 2. The Board also directed the agency to address the appellant's allegations of noncompliance. *Id.* The Board again informed the appellant that he could reply to the agency's response and that, if he did not respond, the Board might assume he was satisfied and dismiss his petition for enforcement. *Id.*

¶7      In a March 10, 2020 submission, the agency stated that it had placed the appellant in the Dispatcher position retroactive to April 12, 2018—initially in a non-work, pay status until he was placed in the position to begin performing duties. CRF, Tab 5 at 4. The agency also stated that it paid the appellant back

pay in the amount of $63,825 covering the period from April 12, 2018, to January 6, 2019, and restored all leave and other benefits to him. *Id.* at 4-5. The appellant did not respond to the agency's March 10, 2020 submission.

## ANALYSIS

¶8    When, as here, the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[3] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id.*

¶9    Here, the agency has informed the Board that it has reinstated the appellant to the Dispatcher position retroactive to April 12, 2018; paid him back pay in the amount of $63,825; and restored his leave and other benefits. CRF, Tab 5 at 4-5. As evidence of its compliance, the agency provided only a spreadsheet containing its back pay calculations, which reflects that it determined the appellant was entitled to $63,825 in back pay and 152 hours of restored annual leave for the period from April 16, 2018, through January 6, 2019. *Id.* at 13. Although the agency has not provided any evidence showing that it has reinstated the appellant or paid him interest on the back pay award, the appellant has not responded to the

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

agency's latest compliance submission, despite being notified of his opportunity to do so and of the consequences of not responding.  Accordingly, we assume he is satisfied.  *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

¶10    In light of the agency's evidence of compliance and the lack of a response from the appellant, we find that the agency is now in compliance and dismiss the petition for enforcement.   This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.   5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.